Núm. 7018.—Pueblo, apldo. *v.* González et als., apltes.—C. D. Humacao. ▬▬▬ Junio 24, 1938.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

Por cuanto, el apelante en su primer señalamiento de error **alega**:

"*Primero:* Que la corte inferior actuó erróneamente al declarar sin lugar la excepción perentoria formulada por los acusados de que la denuncia no aduce hechos suficientes para constituir una infracción a la Ley Núm. 25, aprobada el día 17 de julio de 1935, y especialmente a la sección 2 de dicha Ley."

Por cuanto, la denuncia, después de referirse al delito *boli-pool, pools* y loterías clandestinas e infracción a la sección 2 de la Ley Núm. 25, aprobada en julio 17, 1935, (Sesión Especial de ese año, pág. 153) sobre *bolita,* especifica:

"Que en 7 de enero, 3 P. M., de 1937, y en la calle Dr. Rufo de Caguas, P. R., dentro del Distrito Judicial Municipal de Caguas, P. R., que forma parte del Distrito Judicial de Humacao, P. R., los referidos. acusados, Marcelo González, Antonio Rodríguez Rodríguez y Hermenegildo Castro García, allí y entonces, ilegal, voluntaria y maliciosamente en la casa residencia del acusado Marcelo González, fueron sorprendidos manipulando y poniendo en circulación el negocio de los juegos conocidos generalmente como "bolita", "boli-pool", combinaciones clandestinas y loterías clandestinas, ocupándoseles 159 libretas de bolita en blanco, dos libretas más con diferentes cifras de número, 4 hojas de libretas con cifras de números, dos listas de sumar, un lápiz, a sabiendas de éstos que todo se iba a usar en el juego ilegal denominado *Bolita,* al que se refiere la sección 2da. de la Ley Núm. 25, aprobada en julio 17, 1935, sobre *bolita, boli-pool, pools* y loterías clandestinas. Dichas libretas, hojas con cifras de números y el lápiz fueron ocupados y se pone todo a disposición de la Hon. Corte como evidencia en el caso."

Por cuanto, la sección cuarta de la Ley Núm. 25 arriba mencionada, lee como sigue:

"Toda persona que fuere sorprendida portando o conduciendo cualquier papeleta, billete, *ticket,* libreta, lista de números o implementos, a sabiendas de que se utilizan o están utilizando para los juegos ilegales de la 'bolita', '*boli-pool*', combinaciones clandestinas relacionadas con los '*pools*' de los hipódromos de Puerto Rico, y loterías clandestinas, y toda persona que vendiere éstos o cualesquiera otros análogos que se probare representar algún billete, suerte, acción o interés en dichos juegos ilícitos o conectados con la práctica de los mismos, será arrestada inmediatamente, formulándose la correspondiente denuncia ante la corte municipal con jurisdicción, y convicta que fuere, . . .; y todo dueño, apoderado, agente, encargado, director o administrador de los juegos prohibidos por esta Ley, convicto que fuere, podrá ser castigado a pagar una multa no menor de cien (100) dólares . . ."

. Por cuanto, tratándose como se trata de una denuncia presentada por un policía y no de una acusación formulada por un fiscal, no estamos conformes con el apelante en que no aduce hechos suficientes para constituir un delito.

Por cuanto, los demás señalamientos son:

"*Segundo:* Que la corte inferior. actuó erróneamente al. permitir como evidencia, prueba inadmisible, todo en perjuicio de los acusados.

"*Tercero:* Que la corte inferior actuó erróneamente al considerar hechos ocurridos durante la celebación del juicio ante la corte municipal como impedimento legal para los acusados de suscitar cuestiones fundamentales de derecho durante juicio *de novo* en la corte de distrito.

"*Cuarto:* Que la corte inferior actuó erróneamente al declarar sin lugar la moción solicitando la absolución perentoria de los acusados por falta de prueba."

POR CUANTO, aparte de cualquier cuestión de forma y suficiencia de estos tres señalamientos, los apelantes en su alegato no nos han convencido de la existencia de ninguno de dichos tres supuestos errores, y el segundo de los tres si existiere, no sería motivo por sí solo para justificar una revocación de la sentencia.

POR TANTO, se confirma la sentencia apelada que dictó la Corte de Distrito de Humacao en noviembre 10, 1937.

Los Jueces Asociados Sres. Travieso y De Jesús no intervinieron.
El Juez Asociado Sr. Wolf está conforme con el resultado.